UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANDREW CARIDI, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:19-CV-290 |
| | ) | 3:17-CR-119 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Before the Court is Andrew Caridi's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 29].[1] The United States has responded in opposition [Doc. 4]. Petitioner filed a reply [Doc. 7]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 29] will be **DENIED**.

## I. BACKGROUND

In November 2017, Petitioner was charged in a three-count indictment pertaining to possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), along with related gun charges. [Crim. Doc. 1].

---

[1] Document numbers not otherwise specified refer to the civil docket.

On April 26, 2018, Petitioner entered into an amended plea agreement with the government. [Crim. Doc. 15]. Petitioner agreed to plead guilty to Counts One and Three of the Indictment. [*See id.*] Specifically, Petitioner pled guilty to one count of possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 18 U.S.C. §§ 841 and 841(b)(1)(C) and one count of possession of a firearm by a previously-convicted felon in violation of 18 U.S.C. § 922(g)(1). [*Id.*]. The plea agreement was signed by Petitioner and attorney Cullen Wojcik.

In his plea agreement, Petitioner acknowledged that on July 12, 2016, police officers arrived at the Scottish Inn in Rocky Top, TN to investigate a woman allegedly trespassing. Officers knocked on the door where the woman was believed to be staying, and Petitioner answered the door and informed officers that the woman had indeed been there but had left. Petitioner gave officers verbal consent to search the room, and officers discovered multiple syringes; a bag stuffed into the toilet tank containing two sets of digital scales, syringes, and several clear baggies; and a shaving kit bag in the bathroom ceiling tiles containing 3.5 ounces of methamphetamine, several baggies, and car keys. [*Id.*]. Petitioner waived his *Miranda* rights and told officers that the keys belonged to a red Ford Mustang in the parking lot which Petitioner stated he borrowed from a friend and drove to purchase methamphetamine to sell for profit earlier that day. When officers searched the car, they discovered a firearm which was determined to be stolen. [*Id.*]. In a later interview, after again waiving his *Miranda* rights, Petitioner admitted that the 3.5 ounces of methamphetamine found in the hotel room and the firearm found in the car belonged to him. Petitioner further stated that the methamphetamine was part of 7 ounces he purchased

2

and that he knowingly possessed the methamphetamine and firearm seized, and that he intended to distribute the methamphetamine. Further, Petitioner admitted that at all times relevant to the charges in this case, Petitioner was a previously-convicted felon, that is, he had been previously convicted in a court of a crime punishable by more than one year of imprisonment, and that the firearm seized from the vehicle was manufactured outside of Tennessee, affecting interstate commerce. [*Id*.].

The Court conducted a change of plea hearing on April 30, 2018. Although there is no transcript of that hearing in the record, the Court recalls conducting its standard colloquy with Petitioner and finding him competent to enter a guilty plea.[2] The Court confirmed that Petitioner indeed wished to plead guilty. The Court also confirmed: that Petitioner had been afforded ample time to discuss the case with his attorney; that he believed that his attorney is fully aware of all the facts on which the charges were based; that counsel had explained the meaning of any words Petitioner might not have understood; that counsel had explained the terms of Petitioner's plea agreement to hm; and that Petitioner understood that his sentence would be determined *by the Court*.

The revised PSR calculated a total offense level of 29 and a criminal history category of VI, resulting in a guideline range of 155 to 188 months. [Crim. Doc. 21, ¶ 90]. Count 1 carried a maximum term of imprisonment of 20 years, and Count 3 carried a maximum term of imprisonment of 10 years. [*Id*. at ¶ 89]. In this case, the Plea Agreement

---

[2] Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

contained an agreed sentence of 132 months' imprisonment followed by a term of supervised release pursuant to Rule 11(c)(1)(C) which was below the guideline range. [*Id.* at ¶ 91]. If Petitioner had been convicted of Count 2, he would have been subject to a mandatory 60 months' imprisonment consecutive to the previously calculated guideline range, giving him an effective guideline range of 211 to 248 months. [*Id.*].

The government filed a notice of no objections to the PSR. [Crim. Doc. 18]. The government also filed sentencing memorandum wherein it requested the Court to impose the agreed upon, below the guideline range sentence of 132 months. [Crim Doc. 24]. Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 19]. Petitioner, through counsel, filed a sentencing memorandum also requesting the Court to impose the agreed-upon sentence of 132 months' imprisonment. [Crim. Doc. 23].

On September 10, 2018, the Court accepted the parties' plea agreement and Rule 11(c)(1)(C) sentence and sentenced Petitioner to a total of 132 months' imprisonment and then three years of supervised release. [Crim. Doc. 27]. Petitioner did not file a direct appeal, but on July 29, 2019, he filed this timely § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of

4

constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a petitioner files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255

Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

Petitioner raises one claim in this § 2255 motion: 1) that he is "innocent of his unknowing and unconstitutional plea" based on *U.S. v. Rehaif*, 139 S. Ct. 2191 (2019).[3]

Petitioner's claim centers around Petitioner's argument that he is actually innocent of knowingly possessing a firearm because the government did not give Petitioner notice of the nature of the charge against him, thus his plea agreement could not have been voluntary. [Doc. 2]. Petitioner does not claim that he did not know he was a previously convicted felon, nor does he claim that he did not knowingly possess the firearm.

The Court first notes that this claim is procedurally defaulted, because Petitioner failed to raise it on appeal. Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269

---

[3] Petitioner's motion does include a "Claim 2," but the Court notes that his claim is just an argument for timeliness, which is not at issue. [Doc. 1, p. 5].

6

F.3d 693, 698 (6th Cir. 2001). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700. If a Petitioner cannot show cause and prejudice, he may be able to obtain review, if his case falls within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, such as when new evidence shows that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622-23, citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Here, Petitioner has not attempted to show cause or prejudice for his failure to raise this claim on direct appeal, nor has he attempted to show he is actually innocent.

Further, when a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

7

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial misconduct not known to the defendant by the time of the entry of the judgment and (ii) ineffective assistance of counsel." [Crim. Doc. 277, p. 20].

Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, his claim is barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451. Accordingly, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 29] will be **DENIED** as procedurally defaulted and barred by his collateral attack waiver. However, as discussed below, Petitioner's claim alternatively fails on the merits.

Petitioner moves to vacate his conviction under § 2255, alleging he is actually innocent of violating 18 U.S.C. § 922(g)(1) because he contends that after *Rehaif*, he did not have the requisite knowledge to support his conviction or guilty plea. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200 (2019).

8

*Rehaif* does not undermine Petitioner's conviction for several reasons. First, Petitioner entered into a plea agreement, relieving the Government of its obligation to prove the elements of the charge against him beyond a reasonable doubt. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Boce*, 488 U.S. 563, 569 (1989). Petitioner also stipulated to his prior felony conviction in the offense conduct section of the Plea Agreement. [Crim. Doc. 15]; *see United States v. Conley*, 802 F. App'x. 919, 923, (6th Cir. Feb. 5, 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."); *Malone v. United States*, 1:14-cr-438, 2019 WL 7049805, *3 (N.D. Ohio Dec. 23, 2019) ("*Rehaif* is inapplicable to Petitioner because whereas Rehaif was convicted by a jury, Petitioner pleaded guilty to his offense."). Petitioner was advised of the consequences of his guilty plea by the Court and counsel and stated under oath that he understood his decision. The record reflects his guilty plea was knowing and voluntary. Having waived his right to hold the Government to its burden of proof, he cannot complain the evidence against him would have been insufficient.

*Rehaif* further provides no remedy for Petitioner because it merely "clarified" the felon-in-possession statute, it did not announce a new rule of constitutional law that is retroactive on collateral review. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). In *Khamisi-El*, the Sixth Circuit denied the motion, holding "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.' " *Id.*; *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019) ("*Rehaif* ... did not announce a 'new

9

rule of constitutional law....'"). District courts within the Sixth Circuit have likewise rejected "actual innocence" claims based on *Rehaif*. *See Moore v. United States*, No. 2:19-cv-2572, 2019 WL 4394755 (W.D. Tenn. Sept. 12, 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002 (M.D. Tenn. May 6, 2020) (same); *see also Abernathy v. United States*, No. 1:16-CR-81, 2019 WL 5268546, at *5 (E.D. Tenn. Oct. 17, 2019) ("The Supreme Court's holding, however, is not retroactively applicable to cases on collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion."); *Davidson v. United States*, No. 1:17-CR-137, 2020 WL 5549599, at *2–3 (E.D. Tenn. Sept. 16, 2020); *see also Tristian O'Kelley, v. United States*, No. 1:17-CR-16, 2020 WL 5735949, at *3 (E.D. Tenn. Sept. 24, 2020).

Accordingly, for the reasons above, Petitioner's claim will be **DENIED** as he is not entitled to relief under § 2255 as to this claim.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 29] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge